FILED
D54
2010 MAR 23 AM 11:10

COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIFFANY GARNER AND
JERRON GARNER,

    Plaintiffs,

v.    Case No.: 3:09-cv-1285-J-20TEM

ELLINOR JEAN MOE,

    Defendant.

_____/

## ORDER

This cause is before this Court on Defendant Ellinor Jean Moe's Motion to Dismiss Under Rule 12(b) for Failure to State a Claim or in the Alternative for Improper Venue (Dkt. 4), Plaintiffs' Motion for Change of Venue (Dkt. 5), and the parties responses thereto (Dkt. 6 and 7).

In the Motion to Dismiss, Defendant argues that the statute of limitations bars this action, and, alternatively, that venue is not proper in Florida. However, in response to the motion for change of venue, Defendant concedes that Plaintiffs' complaint was properly filed within the statute of limitations period. (Dkt. 7, pg. 2). Accordingly, the motion will be denied.

In the Motion for Change of Venue, Plaintiffs acknowledge that venue is proper in South Carolina but request the case remain with this Court because it is more convenient for Plaintiffs. Defendant, on the other hand, contends that the doctrine of forum non conveniens does not apply, and that this Court must either dismiss this action for improper venue or transfer the case to the District of South Carolina, pursuant to 28 U.S.C. § 1406(a).

Section 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer

such case to any district or division in which it could have been brought." This action involves an automobile accident that occurred in Spartanburg, South Carolina, and it does not appear from the face of the record that it should have been filed with this Court. However, if this Court were to dismiss this case without prejudice due to improper venue, it appears Plaintiffs would be barred from bringing this action any further. Therefore, this Court concludes transfer of this action is the appropriate remedy.

According, it is **ORDERED**:

1. Defendant Ellinor Jean Moe's Motion to Dismiss Under Rule 12(b) for Failure to State a Claim or in the Alternative for Improper Venue (Dkt. 4) is **DENIED**;

2. Plaintiffs' Motion for Change of Venue (Dkt. 5) is **GRANTED**;

3. The Clerk is directed to **TRANSFER** this case to the District of South Carolina.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of March, 2010.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Clerk, United States District Court, District of South Carolina
Wade M. Rolle, Esq.
Laura Starrett, Esq.